## A. V. WILLIAMS v. C. BROWNFIELD.

Land—Disputed Line—Adverse Possession—Compromise—Surrender of Possession.

When two persons are claiming the possession ·of land to a line of doubtful location, upon agreement as to the true location of the line, each to surrender to the other whatever possession they may have had beyond the line so agreed upon.

APPEAL FROM HARDIN CIRCUIT COURT.

January 20, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellant to recover from appellee a small piece of land less than two acres, designated on the plat of Kinkead by 1, 2 & 6.

On the trial in the court below a verdict and judgment were rendered against him, and his motion for a new trial having been overruled, he has appealed to this court. Wm. Martin proves that he had known the land since 1807, that he settled on it as early as 1812, and occupied and claimed it continuously till he sold it to Perry up to Funk's line, from A to D, on Kinkead's plat. and sold to that line when he· sold to Perry, and that he and Williams, appellee's grantor, once had a dispute about that line, but never settled it, knew nothing about a given corner standing at figure *"1."* Other witnesses prove substantially the same facts. But appellee proved by Creal, a surveyor, that after Martin sold to Perry, and before he made him a deed, he came to him, living in Larue county, and told him, he wanted him to survey the land for him; that the surveyor in Hardin county had been running Funk's line, and had not agreed, and he wanted him to run it. Because he was a stranger, and as there was a dispute about Funk's west line, he wanted it surveyed, and settled. That he went, and Martin and Williams, appellee's vendor, differed as to where the corner of the Perry tract should be, and finally they agreed that he should go to a post oak tree in the line from A to P, which

both agreed, was in the line between Williams and Martin, and run the course of John and Robert Martin's deed to Williams— N. 60 degrees W. and wherever that line crossed the line he had just before run, from the letter O in the plat that point should be the corner. That he ran it in the way agreed upon, the line thus run crossed the line from the letter O near a small gum, which he marked as a corner, to which Martin and Williams agreed, he then surveyed the Perry tract, and Martin's deed to Perry was made from his field notes of that survey. And Creal is sustained by the deed from Martin to Perry, and from Perry to appellant. Both deeds call to begin at a stake in Spratt's field in Funk's original line, running thence N. 14 degrees E. 180 poles to a *gum* corner to Daniel Williams. If it be conceded that Martin claimed the land up to *A* on the plat, and held the possession thereof continuously up to the time he conveyed to Perry, appellant acquired title to the land beyond that corner. If Martin had the possession of the land prior to the date of the survey made by Creal there is evidence conducing to show that he surrendered the possession up to the gum corner to Williams, and by his conveyance to Perry limited him to that corner, and Perry's deed to appellant calls for the same corner. So that appellant had neither possessory, nor paper title to the land claimed in this action. Wherefore the judgment must be *affirmed*.

*Read, for appellant.*